Dale J. Lambert, #1871
CHRISTENSEN & JENSEN, P.C.
15 West South Temple, Suite 800
Salt Lake City, Utah  84101
Telephone:  (801) 323-5000
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SARA MUIR,<br><br>Plaintiff,<br><br>vs.<br><br>STEPHEN KITCHEN, BRADLEY G. KITCHEN, and ANNE SHERRIE KITCHEN,<br><br>Defendants. | **COMPLAINT AND JURY DEMAND**<br><br>Case No.:_____<br><br>Judge _____ |

Plaintiff, Sara Muir, by and through her attorneys of record, hereby complains and alleges against Defendants Bradley G. Kitchen, Stephen Kitchen and Anne Sherrie Kitchen as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Sara Muir is a resident and citizen of the State of California, residing in San Diego County.

2. Defendant Stephen Kitchen, and his parents, Defendants Bradley G. Kitchen and Anne Sherrie Kitchen, are citizens of the State of Utah, residing in Utah County.

3. The accident complained of occurred in Utah County.

4. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

5. This court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332.

**FACTS**

6. On August 23, 2003, at approximately 10:30 p.m., Sara Muir was taking an evening jog on the Provo River Trail, which runs adjacent to University Avenue.

7. Motorized vehicles are prohibited on the Provo River Trail, which is a pedestrian and bicycle trail. It runs adjacent to University Avenue.

8. Defendant Stephen Kitchen was operating a motorcycle on the Provo River Trail and while doing so collided with Sara Muir at approximately 3000 North adjacent to University Avenue.

9. The motorcycle which Stephen Kitchen was operating at the time of the accident was owned by his father, Bradley Kitchen and was kept at the home of Bradley Kitchen and Anne Sherrie Kitchen where Stephen Kitchen resided.

## FIRST CAUSE OF ACTION
### (Negligence Against Stephen Kitchen)

10. Plaintiff incorporates all proceeding paragraphs as if fully set forth herein.

11. Defendant Stephen Kitchen operated the motorcycle in a negligent and careless manner including, but not limited:

   a. As a 13 year old, Stephen Kitchen was not properly licensed or qualified to be driving a motorcycle;

   b. The motorcycle was being operated where prohibited in an area reserved for pedestrians and bicycles;

   c. Operating a vehicle at night without lights;

   d. Failing to maintain a proper lookout;

   e. Failing to maintain control of the motorcycle;

   f. Failing to avoid colliding with a pedestrian rightfully on the pedestrian path;

   g. Failing to yield the right-of-way to the pedestrian;

   h. Failing to stop for a pedestrian;

   i. Reckless driving; and

   j. Such other acts of negligence and carelessness as shall be proven at trial.

12.     As a direct and proximate result of Defendant Stephen Kitchen's negligence and carelessness, Stephen Kitchen collided with Sara Muir, proximately causing severe damage and permanent personal injuries to the Plaintiff including, but not limited to, a head injury, a neck injury, broken thoracic spine, fracture ribs, pulmonary contusions, a compound right tibia-fibula fracture, multiple contusions and abrasions, and scarring.

13.     As a direct and proximate result of Defendant Brad Kitchen's negligence and carelessness, Plaintiff has suffered special damages, including medical expenses in excess of $83,000, lost income in excess of $8,000, $5,000 in household services, and future medical expenses.

14.     As a proximate result of Defendant Brad Kitchen's negligence and carelessness, Plaintiff has suffered general damages including, pain, suffering, disability, permanent impairment, permanent scarring, and other general damages which are continuing.

## SECOND CAUSE OF ACTION
**(Negligence on the Part of Bradley G. Kitchen and Anne Sherrie Kitchen)**

15.     Plaintiff incorporates all proceeding paragraphs as though fully set forth herein.

16.     At relevant times to this action, Bradley G. Kitchen and Anne Sherrie Kitchen knew or reasonably should have known that Stephen Kitchen was and had

10F189002                                      4

previously operated the motorcycle contrary to the law, and yet were negligent in not taking reasonable measures to prevent Stephen Kitchen from operating the motorcycle.

17. As a proximate result of said negligence, the Plaintiff was damaged and injured as alleged herein.

### THIRD CAUSE OF ACTION
### (Statutory Liability Against Bradley G. and Anne Sherrie Kitchen)

18. Plaintiff incorporates all proceeding paragraphs as though fully set forth herein.

19. Bradley and/or Anne Kitchen knowingly permitted Stephen Kitchen, who was under 18 years of age, to drive the motorcycle and are therefore jointly and severally liable with Stephen Kitchen for the damages caused by the negligence of Stephen Kitchen in driving the motorcycle, pursuant to Utah Code Ann. § 53-3-212.

20. As a proximate result of said negligence, the Plaintiff was damaged and injured as alleged herein.

WHEREFORE, Plaintiff prays for damages against the Defendants as follows:

1. Economic damages including medical expenses, lost wages, property damage, and loss of household services;

2. Future medical expenses in an amount to be proven at trial;

3. General damages in an amount to be proven at trial;

4. Prejudgment interest pursuant to Utah Code Ann. § 78-27-44; and

5.      For such other relief as the court deems just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

DATED this 21st day of August, 2007.

                                  CHRISTENSEN & JENSEN, P.C.

                                  */s/ Dale J. Lambert*
                                  Dale J. Lambert
                                  *Attorneys for Plaintiff*